Commonwealth, Appellant, *v.* Smith.

512

Argued June 11, 1963. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*Charles Jay Bogdanoff,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellant.

*David H. Kubert,* for appellees.

OPINION BY RHODES, P. J., September 12, 1963:

This is an appeal by the Commonwealth from an order of the Court of Quarter Sessions of Philadelphia County at Nos. 25 and 26, September Sessions, 1962, granting the pre-trial petition of defendants, Peter A. Smith and Alan Bass, to suppress evidence which consisted of marijuana found on the person and in the apartment of Smith on August 1, 1962.

On February 4, 1963, defendants petitioned the Court of Quarter Sessions of Philadelphia County, asking that the evidence, consisting of seized marijuana, be suppressed as illegally obtained through an unreasonable search and seizure. The District Attorney filed an answer. A hearing was held on March 1, 1963, before BLANC, J., who thereafter granted the petition to suppress.

The evidence produced at the hearing disclosed the following: On August 1, 1962, between 12:30 and 12:40 p.m., Officer Miller of the narcotics squad received information from a reliable informant that defendant Smith, whom he described to the officer in detail, had marijuana in his pocket, and that he would be found in Rittenhouse Square, Philadelphia. The information was received by Officer Miller when he was a block and a half from Rittenhouse Square. The informant told Officer Miller that Smith also had marijuana in his apartment. Defendant was described as being five feet five inches tall, having light blonde hair, and wearing a short-sleeved shirt and khaki pants or overalls. The informant had given reliable information fifteen or twenty times during a period of three months prior to the present incident. When Officer Miller entered Rittenhouse Square with other narcotics officers, at about 12:50 p.m., he saw Smith standing in the park. He approached Smith and observed two manila envelopes in Smith's upper left pocket of his shirt. Officer Miller disclosed his identity to Smith and asked

him: "Do you have anything on you that you are not supposed to?" Smith replied in the negative. Officer Miller then said: "You have marijuana on your person." Smith was then taken into custody and the two manila envelopes containing marijuana were removed from his shirt pocket. Smith stated he had nothing to hide and invited the officers to search his apartment. The officers accepted Smith's invitation and accompanied him to his apartment, where they identified themselves to defendant Bass who was incoherent. A search of the apartment revealed additional quantities of marijuana.

The issues raised by the Commonwealth are (1) whether an officer has reasonable grounds to search a defendant where the officer has information from a reliable informant and the information is confirmed by what the officer observes; and (2) whether the search of defendant's apartment was lawful when defendant gave permission to search it.

In *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, the Supreme Court of the United States held that the Fourth Amendment, which prohibits the use of evidence obtained by an illegal search and seizure, is enforceable against the states through the Fourteenth Amendment. In the recent case of *Ker v. California,* 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726, 738, the Supreme Court of the United States said: "We reiterate that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the 'fundamental criteria' laid down by the Fourth Amendment and in opinions of this Court applying that Amendment. Findings of reasonableness, of course, are respected only insofar as consistent with federal constitutional guarantees."

The search and the seizure in the present case were clearly reasonable under the federal decisions. Infor-

mation from a reliable informer, corroborated by the agents' observations as to the accuracy of the informer's description of the accused and of his presence at a particular place, is sufficient to establish probable cause for an arrest without a warrant. *Ker v. California,* supra, 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726; *Draper v. United States,* 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327, 331.

"Probable cause" has been said to exist where the facts and the circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed, and that the person to be arrested has committed or is committing the offense. *Draper v. United States,* supra, 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327, 332; *Henry v. United States,* 361 U.S. 98, 100, 80 S. Ct. 168, 170, 4 L. Ed. 2d 134.

In the present case the arresting officer had information from a reliable source. His observation confirmed his information. He had probable cause to believe that the felony of unlawful possession of drugs was being committed. Since "probable cause" existed, the arrest without a warrant was lawful, and the subsequent search of defendant's person and the seizure of the marijuana found on his person were validly made incident to a lawful arrest. *Draper v. United States,* supra, 358 U.S. 307, 310, 311, 79 S. Ct. 329, 3 L. Ed. 2d 327, 332; *Com. v. Johnson,* 198 Pa. Superior Ct. 51, 182 A. 2d 541. Nor was the search of defendant's apartment unreasonable. The search of the apartment was conducted by the officers at Smith's invitation, with his unqualified permission, and in his presence. The constitutional right prohibiting an unreasonable search and seizure may be waived by the defendant personally. *Zap v. United States,* 328 U.S.

624, 628, 66 S. Ct. 1277, 90 L. Ed. 1477 (reversed on other grounds, 330 U.S. 800, 67 S. Ct. 857, 91 L. Ed. 1259); *Judd v. United States,* 190 F. 2d 649; *United States v. Haas,* 106 F. Supp. 295; *Com. v. Wright,* 411 Pa. 81, 84, 190 A. 2d 709. Smith's invitation was clearly a waiver of his right. *Com. v. Gockley,* 411 Pa. 437, 446, 192 A. 2d 693.

Defendant Bass cannot successfully challenge the search of Smith's apartment as a violation of the constitutional rights of Bass. The record does not show the status of Bass at the apartment. However, it can be logically assumed that Smith did not expect Bass to be in the apartment when he invited the officers to make the search. Moreover, "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." *Jones v. United States,* 362 U.S. 257, 261, 80 S. Ct. 725, 4 L. Ed. 2d 697, 702, 78 A.L.R. 2d 233. Here the search of Smith's apartment was made at his invitation, with his consent, and in his presence. Since immunity from unreasonable searches is personal, a defendant cannot object to the search of another's premises or property if the latter consents to the search even though evidence found is used in the prosecution of the defendant. *Cutting v. United States,* 9 Cir., 169 F. 2d 951 (1948); *Calhoun v. United States,* 5 Cir., 172 F. 2d 457 (1949), certiorari denied 337 U.S. 938, 69 S. Ct. 1513, 93 L. Ed. 1743; *United States v. Sferas,* 7 Cir., 210 F. 2d 69 (1954).

Under the circumstances, we are of the opinion that the search of Smith's apartment was not unreasonable as to Smith or as to Bass.

The order of the court below granting defendants' motion to suppress evidence is reversed with a procedendo.