Opinion by
 

 Ervin, J.,
 

 The only question raised in this appeal is whether there was an unlawful search of premises and an unlawful seizure of six cartons containing 573 pairs of women’s slacks.
 

 At a hearing held on a petition to suppress evidence, the Commonwealth called upon federal officers, who testified that on March 20, 1963 they went to the premises at 3008 “D” Street, Philadelphia, after receiving information from a reliable source that there was possibly some stolen interstate freight at that address. Mrs. Veronica West, the owner of the premises and mother of appellant, met the agents at the door, at which time they identified themselves, advised Mrs.
 
 *362
 
 West of her constitutional rights, and were invited by-Mrs. West to come in and look around. Upon entering the agents observed the cartons of stolen merchandise in the dining room. Mrs. West then signed-a standard form consenting to a search of the entire premises. The agents determined that the merchandise related only to a local burglary or theft and turned it over to a local detective assigned to the investigation.
 

 Appellant contends that the federal agents lacked jurisdiction to make a valid search and that their presence on the premises constituted a trespass. The search by the federal officers was made at the express invitation and consent of the owner of the premises. Whether or not the federal officers had jurisdiction is not at issue. The search was made pursuant to a valid consent agreement signed by the owner of the premises and was therefore perfectly lawful and proper.
 

 Since it is not open to dispute tliat the search was lawful and the evidence obtained pursuant thereto was lawfully obtained, the only question to be considered is whether such evidence was properly admitted against appellant.
 

 Under the circumstances herein, the search was reasonable and appellant cannot contest the admissibility of the evidence against him due to the fact that the officers received consent to make the search from the owner-occupant of the premises:
 
 United States v. Eldridge, 302 F. 2d
 
 463
 
 (1962); Fredricksen v. United States,
 
 266
 
 F.
 
 2d 463 (1959);
 
 Woodard v. United States,
 
 254 F. 2d 312 (1958);
 
 United States v. Sferas,
 
 210 F. 2d 69 (1954);
 
 Campbell v. United States,
 
 151 F. 2d 605 (1945);
 
 United States v. Thomson,
 
 113 F. 2d 643 (1940);
 
 Com. v. Smith,
 
 201 Pa. Superior Ct. 511, 193 A. 2d 778.
 

 Judgment of sentence is affirmed.
 

 Watkins, Montgomery, and Flood, JJ., dissent.