## Commonwealth v. Uber

*S. F. Bonavita,* District Attorney, for Commonwealth.

*J. A. Massa,* for defendant.

WOLFE, *P.J.,* January 22, 1976.—Defendant has petitioned to suppress incriminating evidence allegedly taken from his person, to wit, substance falling within The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P. L. 233, 35 PS §780.113, to wit, valium, a schedule 3 under section 13(16) of Act 64.

The facts are not grossly in dispute except for the actual confiscation of the substance. On November 15, 1975, at approximately 10:15 a.m. a cruising Warren Borough Police Officer received a radio call from the desk sergeant advising him an informant had called and stated two people were leaving his bar and that one of them had something in his back pocket that would be of interest to them. The officer proceeded to the vicinity of the bar and noted two people leaving the area of the bar on a motorcycle. According to the officer's testimony, he noted the vehicle had no valid registration sticker and the passenger, who is the defendant, was wearing no headgear or glasses in violation of The Vehicle Code. After stopping the motorcycle, defendant was leaning against the front of the police car and the officer testified as defendant leaned forward he saw a plastic bag in his back pocket despite the fact the officer admitted defendant was wearing a three-quarter length coat. According to the officer, he requested defendant to hand him the bag, which he did and which defendant denies but rather the officer reached in his pocket and removed it.

On the basis of these facts, we are of the opinion there is insufficient evidence to support a warrantless search or a consensual search. In the first instance, the alleged informant, who the arresting officer did not know at the time he received the call from the desk sergeant, was an ex-policeman and although we can accept the fact he was reliable, he did not identify which person had the alleged contraband nor did he identify the article or substance allegedly on the person leaving his bar but merely stated it was something in which the police would find interesting. This information is completely insufficient to sustain a warrantless search within

the holding of Commonwealth v. Lassiter, 457 Pa. 582, 321 A.2d 902 (1974), on the basis of information from an informant. The cases are legion that the informant must be specific in identifying the person committing a crime and spell out "probable cause" upon which the arresting officer may rely. In this case, the officer did not know which party he was seeking nor did he know what he was seeking. Further, defendant was clearly under arrest and without opportunity to flee which, if there exists probable cause to effect an arrest there was ample time and opportunity to take defendant into custody and obtain a search warrant for his person.

The Commonwealth, notwithstanding, argues there was consensual search because the testimony of the arresting officer was that defendant handed him the contraband from his back pocket which defendant denies. The officer admitted defendant was wearing a three-quarter length coat and he observed two or three inches of the plastic bag extending from his pocket when he bent over to an angle of about 45 degrees, at which time the officer was seated on the passenger side of the police cruiser with defendant leaning against the front thereof. We seriously question the ability of the officer to observe the plastic bag under these clothing circumstances but, even accepting this to be the case, the officer did not testify he observed any material that he could identify as contraband within the plastic bag at that time. The "plain view" doctrine clearly is not applicable in this case: Commonwealth v. Wright, 234 Pa. Superior Ct. 83, 339 A.2d 103 (1975).

A police officer may make an arrest without a warrant if he has "probable cause" to believe that a crime has been, or is being, committed and, in mak-

ing this determination, hearsay information may properly be considered: Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223 (1964). Under the circumstances of our case, merely being advised that an unidentified party may have something interesting to the police is insufficient to perfect a warrantless arrest or lay the foundation for probable cause. The officer stated that, notwithstanding the operator of the motorcycle was arrested, he would have restrained defendant from leaving the scene; thus, we conclude defendant was clearly under arrest without probable cause under these circumstances.

For the foregoing reasons, we enter the following order

## ORDER

And now, January 22, 1976, the motion of defendant to suppress the evidence secured from his person on November 15, 1975, is granted.