## Commonwealth v. Wolff

*Frederic G. Antoun, Jr.,* assistant district attorney, for the Commonwealth.

*John A. Brogan,* for defendant.

EPPINGER, *P.J.,* June 26, 1984—Ronald E. Wolff, defendant, has filed a motion to suppress evidence obtained when he was stopped by a Borough of Mont Alto police officer and thereafter charged with driving under the influence of intoxicants and several summary violations. It is defendant's argument that stopping his car was an unconstitutional seizure under Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

When the case was called, neither of the two Mont Alto police officers involved was present. Defendant was willing to stipulate, however, that the two officers were involved in a "roadblock-type vehicle check" for vehicles entering the borough and that about 1:00 a.m. defendant entered the "roadblock." At this time the patrolman stepped onto the roadway shining a flashlight with an orange conical tip and directed defendant to pull over. Nothing in the stipulation indicated the officer was in uniform. All that was agreed upon was that he was wearing a heavy black coat but apparently nothing on his head. To avoid hitting the officer, defendant swerved and continued on. At the time the chief, the other of the two officers, was off to the side of the road writing a warning ticket to another motorist.

When defendant drove on, the partolman ran to the police cruiser which was parked unlighted in a church parking lot, pursued defendant and stopped him. While talking to defendant, the officer detected the odor of alcohol on his breath and arrested

him. Later defendant was offered a breath test which he refused.

From the stipulation we do not know why the "roadblock" was established, whether the officers were stopping every car, how well lighted the area was, how long the officers had been there, whether a cruiser was visible to approaching motorists, whether motorists were able to identify the officers when being flagged down, and what, if anything, the officers were looking for.

In Prouse, a patrolman stopped a vehicle, testifying, "I saw the car in the area and wasn't answering any complaints so I decided to pull them off." As the patrolman walked towards the vehicle, he smelled marijuana smoke and then seized marijuana that was in plain view on the floor. The Supreme Court in Prouse held the stop and seizure of evidence under these circumstances was an unreasonable seizure under the Fourth and Fourteenth Amendments. Both the United States Supreme Court and the Delaware Supreme Court limited their decisions so as not to prohibit systematic, road-block type stops of a number of vehicles for license and vehicle registration, which the United States Supreme Court said states could set up if they involved less intrusion or did not involve unrestrained exercise of discretion, The court went on to say, "Questioning of all oncoming traffic at a roadblock-type stop is one possible alternative." Prouse at U.S. 663, L.Ed.2d 674.

Our own Supreme Court in Commonwealth v. Swanger, 453 Pa. 107, 307 A.2d 875 (1973) held that "before a police officer may stop a single vehicle to determine whether or not the vehicle is being operated in compliance with The Vehicle Code, must have probable cause based upon specific facts which indicate to him either the vehicle or the driv-

er is in violation of the code." Id. at 115, 879. Swanger like Prouse involved a single vehicle, not a roadblock-type stop.

Our research has not disclosed any appellate cases in Pennsylvania dealing with roadblock-type stops. The Supreme Court of Kansas has dealt with the subject in State v. Deskins, 673 P.2d 1174, 1185 (1983), setting forth factors to be considered in determining whether a roadblock-type stop is permissible. In Deskins, the court said when there is a roadblock-type stop to determine whether it is constitutional under Prouse, it is important to consider: (1) the degree of discretion, if any, left to the officer in the field; (2) the location designated for the roadblock; (3) the time and duration of the roadblock; (4) the standards set by superior officers; (5) advance notice to the public at large; (6) advance warning to the individual approaching motorist; (7) maintenance of safety conditions; (8) degree of fear or anxiety generated by the mode of operation; (9) average length of time each motorist is detained; (10) physical factors surrounding the location, type and method of operation; (11) availability of less intrusive methods for combating the problem; (12) the degree of effectiveness of the procedure; and (13) any other relevant circumstances which might bear upon the test.

In Deskins, the constitutionally permissible roadblock involved 35-40 police officers and several police cruisers on a well-lighted area of a four lane highway. All vehicles going in either direction were stopped and subjected to a license check, and the officers were briefed ahead of time to check specifically for license violations and signs of drunk driving. Deskins, at 1185. Obviously, a Kansas police roadblock on a four-lane highway is not the same as a two man police force roadblock in the Borough of

Mont Alto. But constitutionally the standards that apply must be met, though they may be met by a showing of different facts.

The problem in this case is that we don't know whether this was a constitutionally permissible roadblock-type stop or not because the Commonwealth did not give us the information necessary to make a determination. Defendant testified that as he entered Mont Alto all he observed was a figure in dark clothing cross to the center of the highway from the right side. He saw a flashlight but nothing that would identify the figure as a police officer. He said he had to swerve to avoid hitting the person.

The Commonwealth argues that the validity of the "roadblock" is immaterial because defendant was not really stopped there but was stoppped for failing to obey a direction by the officer to stop. Under the circumstances we do not believe that the defendant was required to stop. He was not able to identify the person who came into the middle of the road as an officer. Where a roadblock itself is invalid, any subsequent stop of the vehicle for avoiding it is tainted. Swanger, at 115, 879, citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Commonwealth v. Bailey, 460 Pa. 498, 503, 333 A.2d. 883, 886 (1975).

The Commonwealth failed to introduce evidence of whether the stop could be justified upon grounds wholly independent of the roadblock such as speeding. An officer has the authority to stop a vehicle when specific facts create a suspicion that the law is being violated. Swanger, at 115, 879. But the Commonwealth did not pursue this tack or present evidence as to what if any suspicion was aroused so we may not consider it.

Our decision is that the evidence obtained when and after defendant was stopped on this occasion

must be suppressed. This is based on our limited finding that insufficient evidence was presented to determine that the roadblock was valid under Prouse.

## ORDER OF COURT

June 26, 1984, the evidence obtained as a result of defendant being stopped by a Mont Alto police officer on November 27, 1983, is suppressed.