## Commonwealth, Appellant, *v.* Mathious.

Argued September 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard J. Shiroff*, Assistant District Attorney, with him *Charles H. Spaziani*, District Attorney, for Commonwealth, appellant.

*Jackson M. Sigmon*, with him *Sigmon, Littner & Ross*, for appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:
Appeal is taken to this Court from an Order sustaining appellee's demurrer following presentation of the Commonwealth's case. The indictment against appellee, trial on which was before a jury, charged a violation of "The Vehicle Code", viz: that it is "unlawful for any person to operate a motor vehicle . . . while under the influ-

ence of intoxicating liquor. . . ."[1] Appellee's grounds for requesting dismissal of the case by way of a demurrer were that the officer who witnessed appellee's erratic driving arrested him for "suspicion of drunken driving."

Appellant urges upon us the position that the officer did have probable cause to arrest. We agree.

It is law of ancient derivation that a demurrer is to be granted only after consideration of the whole record and then only if the trial judge determines that there is no factual question to be presented to the jury and that the moving party is entitled to dismissal. *Commonwealth v. Hazlett*, 16 Pa. Superior Ct. 534 (1901). Thus the lower court was obliged to consider the record in its entirety prior to granting demurrer, and such record in this case contains only testimony of arresting officer Richard Gross, police officer of Upper Nazareth Township. Although testimony is without doubt that the officer arrested for "suspicion of drunken driving", the record is equally clear that before the arrest Officer Gross followed appellee's vehicle as it weaved for one quarter of a mile along the highway, and that when the car was stopped, the officer smelled the strong odor of alcohol emanating from appellee. Furthermore, the officer noted rambling, combative conversation and appellee's inability either to touch his nose with his extended right hand or to stand erect. Although no breathalyzer was administered because of appellee's objections thereto the facts indicate a correct recognition that crime was afoot. See *Commonwealth v. Young*, 222 Pa. Superior Ct. 355, 294 A.2d 785 (1972). We believe that this record amply establishes probable cause to arrest, and finding so, conclude that the facts do reflect a case against appellee sufficient to go to the jury.

Nor will our conclusion as to the existence of probable cause be swayed by the officer's misnomer as to the crime

---

1.  Act of 1959, April 29, P.L. 58, §1037, 75 P.S. §1037.

charged. We cite in reliance thereon *United States v. Day*, 455 F.2d 454, 456 (3d Cir. 1971) : "of course, we would not consider ourselves bound by a police officer's inability to articulate his conclusions if the facts clearly demonstrated the existence of probable cause."

Order reversed, and the case is remanded for trial.