Commonwealth *v.* Roscioli, Appellant.

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stephen Robert LaCheen*, with him *Daniel-Paul Alva*, for appellant.

*Hugh J. Colihan*, Assistant District Attorney, with him *Mark Sendrow* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., April 22, 1976:

Following a non-jury trial, appellant was convicted of burglary, theft, and conspiracy.[1] His sole contention on appeal is that his arrest was made without probable cause and consequently his pre-trial motion to suppress was improperly denied.[2] Although the case is close, we affirm the judgment of sentence.

At 3:00 a.m. on February 26, 1974, Officer John Flynn of the Philadelphia police was on patrol by himself in a patrol car. As he approached the intersection of State Road and Wyoming Avenue, he saw two white males "duck" between a parked truck and car.[3] As appellant ducked, the officer saw him place something on the ground. As the officer got out of the patrol car, he quickly recognized appellant, realized that appellant did not live in that neighborhood, and immediately called for a back-up police car.[4]

---

1. A co-defendant, Robert Ruddy, was tried separately.

2. The suppression judge was also the trier of fact. Without objection by defense counsel, the testimony adduced at the suppression hearing was, on motion of the Commonwealth, incorporated by reference into its case-in-chief. (N.T. 19)

3. Officer Flynn's precise testimony at the suppression hearing was that he "observed two white males duck between a truck and a car as they seen me coming." The hearing judge sustained an objection to this testimony by counsel for appellant and his co-defendant. Counsel for appellant contends that the objection was directed to the officer's characterization of appellant's movements as "ducking." (Appellant's brief, at 4.) An examination of the record, however, shows that counsel was objecting to the officer's conclusion that appellant and his co-defendant had seen the officer coming. Thus, the officer continued to employ the "ducking" characterization without objection. (N.T. 4.)

4. The officer explained that although he did not remember

As Officer Flynn called for the back-up car, he received a radio report of a burglary in progress at 413 East Wyoming Avenue; this location was approximately a forty seconds' walk from where the officer had encountered appellant. The officer thereupon asked appellant what he was doing. Appellant responded that he had dropped his keys in the snow on the street, and asked to borrow the officer's flashlight. At this point, the back-up, a police wagon, arrived. Appellant and his companion were immediately handcuffed and placed in the wagon, since it was thought that they were suspects in the burglary that had just taken place. The article that appellant had placed on the ground was retrieved and found to be a cigar box containing $180. The cigar box was subsequently identified by the owner of the bar that had been burglarized.

Unquestionably, when the officers handcuffed appellant, he was under arrest. *Commonwealth v. Kloch*, 230 Pa. Superior Ct. 563, 573, 327 A.2d 375, 381 (1974). Since the arrest was warrantless, its legality depends upon whether probable cause to arrest was present. *Commonwealth v. Bishop*, 425 Pa. 175, 228 A.2d 661 (1967). As the Supreme Court has recently stated, probable cause exists

> "if the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime."

*Commonwealth v. Culmer*, 463 Pa. 189, 195, 344 A.2d 487, 490 (1975). The burden of demonstrating the

---

appellant's name, he was able to recognize him quickly since a year before he had helped apprehend appellant, who had been sought by Bucks County detectives. The officer testified, however, that he did not know why the detectives had been looking for appellant.

existence of probable cause is on the Commonwealth. *Commonwealth v. Holton,* 432 Pa. 11, 14-15, 247 A.2d 228, 230 (1968).

The mere fact that appellant, who was present near the scene of the crime, had a record of prior arrests known to the arresting officer would not, standing alone, furnish probable cause to arrest. *Commonwealth v. Goslee,* 427 Pa. 403, 407, 234 A.2d 849, 851 (1967); *Commonwealth v. Santiago,* 220 Pa. Superior Ct. 111, 114, 283 A.2d 709, 711 (1971). Neither would each of the other facts known to the officer. *Commonwealth v. Pegram,* 450 Pa. 590, 593, 301 A.2d 695, 697 (1973) (officer knew only that burglary had been committed, "with no clues"; appellant, not found in or fleeing from burglarized building, fled upon seeing police); *Commonwealth v. Mitchell,* 222 Pa. Superior Ct. 335, 338, 295 A.2d 90, 92 (1972) (concealment).

Nonetheless, as Judge PACKEL observed for this court in *Commonwealth v. Young,* 222 Pa. Superior Ct. 355, 358, 294 A.2d 785, 786 (1972), "[b]ecause the whole is necessarily more than any of its parts in law as well as mathematics the standard of probable cause must be applied to the totality of the circumstances facing the officer and not each individual element apparent before the arrest ...." Facts insufficient to justify an arrest if considered separately may in combination supply probable cause. *United States v. Pittman,* 372 F.Supp. 561, 562 (W.D. Pa.), *aff'd mem.,* 505 F.2d 731 (3d Cir. 1974), *cert. denied,* 420 U.S. 963 (1975) (probable cause derived from informants and other sources in addition to officer's knowledge of defendant's prior narcotics convictions); *United States ex rel. Dessus v. Pennsylvania,* 452 F.2d 557, 562 (3d Cir. 1971), *aff'g* 316 F.Supp. 411 (E.D. Pa. 1970), *cert. denied, Dessus v. Pennsylvania,* 409 U.S. 853 (1972) (defendant found in immediate vicinity of crime at 4:30 a.m. and met description given to the police); *United States ex rel. Senk v. Brierley,* 381 F.Supp. 447, 465 (M.D. Pa. 1974), *aff'd mem.,* 511 F.2d

1396 (3d Cir.), *cert. denied*, 96 S.Ct. 77 (1975) (same issue as *United States v. Pittman, supra*); *Commonwealth v. Mamon*, 449 Pa. 249, 259, 297 A.2d 471, 476-477 (1972) (affidavits from two independent informants each of which arguably did not possess sufficient guarantee of reliability to supply probable cause); *Commonwealth v. Gillis*, 217 Pa. Superior Ct. 159, 163, 269 A.2d 135, 137 (1970) (HOFFMAN, J., concurring) (officer knew crime had been committed in area shortly before his arrival, and had been furnished description fitting one of defendants).

When the totality of the circumstances is considered, we think the facts known to Officer Flynn when appellant was handcuffed "combine[d] to yield enough inferences to provide probable cause ...." *Commonwealth v. Young, supra* at 359, 294 A.2d at 787. It was 3:00 a.m. Appellant, who had a record of arrests, did not live in the neighborhood. He was acting furtively. A burglary was in progress only seconds away. Together, these circumstances were "sufficient to warrant a prudent man in believing that the citizen had committed or was committing an offense." *Commonwealth v. Mackie*, 456 Pa. 372, 375, 320 A.2d 842, 843-844 (1974) (probable cause absent where arresting officer had no information that a crime had been committed and where defendant was walking along street during daylight hours).

The judgment of sentence is affirmed.

WATKINS, P.J., and HOFFMAN, J., concur in the result.