Barry F. Crawford, Appellant *v.* Borough of Lewisburg, Appellee.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*H. William Koch,* for appellant.

*Jason S. Shapiro,* with him *Norman I. White,* and *McNees, Wallace & Nurick,* for appellee.

OPINION BY JUDGE MACPHAIL, April 25, 1979:

This is an appeal from a decision of the Court of Common Pleas of Union County which upheld the Borough of Lewisburg's (Borough) dismissal of police officer Barry F. Crawford (Appellant).

On June 3, 1975, Appellant was notified of the Borough's decision to dismiss him for physical disability and inefficiency pursuant to Section 1190 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190. Appellant requested a hearing before the Borough Civil Service Commission (Commission). On June 24, 1975, the Commission heard the testimony and, without an opinion, affirmed Appellant's discharge as of June 3, 1975. Appellant filed a timely appeal with the

Court of Common Pleas of Union County. Pursuant to the provisions of the Code,[1] a hearing de novo was held by the lower court on May 3, 1977. At that hearing the Court received additional testimony by the Appellant and a deposition from Appellant's physician. On August 31, 1977, the trial court affirmed the decision of the Commission. It is from that decision that the instant appeal was taken.

Appellant argues to us that (1) the burden of proof applied by the trial court throughout the proceedings there was incorrect, (2) the trial court applied an incorrect scope of review to its proceedings, and (3) there was not substantial evidence in the record to support a finding that Appellant was permanently disabled, thereby rendering him incapable of efficiently serving the Borough as a police officer.

In order to justify its determination that Appellant had the burden of proving that he was not disabled the lower court relied upon *City of Philadelphia v. Murphy*, 13 Pa. Commonwealth Ct. 630, 320 A.2d 411 (1974). That case, however, dealt with a totally different factual situation from the one presented to us in the instant case. In *City of Philadelphia, supra,* Murphy was claiming disability benefits for a work related incident. Here we are concerned with the removal of a police officer for a physical disability. We think the correct determination of burden of proof in cases such as the one now before us is set forth in *Soergel v. Board of Supervisors of Middlesex Township*, 12 Pa. Commonwealth Ct. 311, 314, 316 A.2d 89, 91 (1974), wherein we stated that:

> The burden was on the Board to present clear and convincing evidence to support the charges brought against Soergel and to estab-

---

[1] Section 1191 of the Code, 53 P.S. §46191.

lish further that such charges proved were sufficient to warrant the discipline imposed.

Therefore, we find that the lower court erred as a matter of law in concluding that the employee, not the employer, had the burden of proof in this case.

It is also apparent that the lower court employed an incorrect interpretation of its scope of review in the case before it. The Court said it must "look for any flagrant abuse of the council's discretion in the discharge of the appellant from its employ, or a violation of the law." The trial court felt bound by the language in *City of Bethlehem v. Gawlik*, 30 Pa. Commonwealth Ct. 390, 393, 374 A.2d 540, 542 (1977), that "although the court of common pleas conducts a hearing de novo the court may not substitute its discretion for that of city council if the evidence produced at the hearing in the court below supports the discretion exercised by council; . . . ." That case involved the dismissal of police officers pursuant to The Third Class City Code[2] and not The Borough Code. The Borough Code clearly controls the case now before us. Section 1191 of the Code, 53 P.S. §46191 provides *inter alia* that " [a]ll parties concerned shall have immediate right of appeal to the court of common pleas of the county, and the case shall there be determined *as the court deems proper*." (Emphasis added.) This section has been construed to permit the Court of Common Pleas to make such decision as the Court deems proper in reviewing a decision of a Civil Service Commission even to such an extent that the trial court has been held to be empowered to modify a penalty imposed by such Commission as long as the Court in so doing does not abuse its discretion. *Re: Appeal of Fuller*, 25 Pa. Commonwealth Ct. 116, 358

---

[2] Section 4408 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P:S. §39408.

A.2d 756 (1976). It is evident therefore that the scope of review provided by the Code is much broader than that used by the lower court.

Appellant's final argument really has a double thrust. First, he questions whether the "disability" mentioned in Section 1190 of the Code, 53 P.S. §46190 should be interpreted as partial or permanent disability. Second, he argues that there is something patently inconsistent with the Court's finding that the Appellant was permanently disabled on June 24, 1975, but *not* disabled on or after April 20, 1976. In this regard the trial judge wrote:

> Although the evidence, submitted in the deposition of Dr. Long and at the court hearing held May 3, 1977, establishes to the satisfaction of this Court that the appellant was not disabled on or after April 20, 1976, it is also evident that he was disabled on and after June 24, 1975, and until the facet denervation procedure was performed by Dr. Long in December 1975.

It was proper for the trial judge to consider the medical testimony of Dr. Long to determine whether or not Appellant's disability on June 24 was permanent in view of the fact that the trial judge had determined that the Act required a showing of *permanent* disability. "Permanent" means "existing perpetually; everlasting . . . intended to exist . . . for a long, indefinite period without regard to unforeseeable conditions. . . ." The Random House (unabridged) Dictionary of the English Language 1073 (1973). It seems clear to us that the Appellant could not be found "permanently" disabled at one time and *not* disabled less than a year later. The trial judge was of the opinion that he could not substitute his findings for those of the Commission. However, since this was a de novo hearing at which the trial

judge received additional evidence not available to the Commission, he was not bound by the Commission's findings and if that evidence justified a finding different from that of the Commission he was not only authorized but obligated to make such a contrary finding.

Neither counsel nor this Court have been able to find any Pennsylvania case law construing the terminology of Section 1190 of the Code which reads in pertinent part as follows:

> No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons: (1) Physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service.

The trial judge reasoned that since the legislature had provided for temporary disability in Section 1 of the Act of June 28, 1935, P.L. §477, *as amended*, 53 P.S. §637, Section 1190 of the Code must apply only to permanent disability. Of course, the Act of 1935 pertains to injuries incurred in the performance of official duties, a circumstance not relevant here. However, the trial judge also noted that by providing for "an honorable discharge from service" in the event of physical disability the legislature certainly intended the disability to be one which rendered the officer incapable of performing his normal duties *permanently*. With this conclusion we agree.

We conclude that while the trial court correctly interpreted "disability" as permanent disability, its conclusion that Appellant was permanently disabled is inconsistent with its findings of fact.

For the foregoing reasons, we will remand the case to the trial court for review and further proceedings consistent with this opinion.

266

## ORDER

AND Now, this 25th day of April, 1979, the order of the Court of Common Pleas of Union County, dated August 31, 1977, is vacated, and this case is remanded for further proceedings in accordance with the applicable law.