## Kuechler v. Township of Middletown

2

*William L. Goldman, Jr.,* for plaintiff.
*William B. Moyer,* for defendants.

GARB, *J.,* April 21, 1980—Appellant, a member of the Middletown Township Police Department, was demoted by order of the Chief of Police from the rank of sergeant to patrolman. After a hearing before the board of township supervisors they, by adjudication and order, affirmed the action taken by the chief. Appellant has appealed that adjudication to this court.

On July 21, 1977, the chief of police notified appellant in writing of his demotion specifying therein 11 specific reasons therefor. On July 22, 1977, appellant requested a hearing in writing. That request was refused and ultimately appellant filed two actions in this court, one in equity and one in mandamus. By order of June 8, 1978, the equity action was dismissed by virtue of appellant's having an adequate remedy at law and by order of June 6, 1978 an order was entered in the mandamus action directing that appellant be afforded a hearing before the board of township supervisors. As a result thereof hearings were held before the board on August 7, September 11, September 18 and September 25, 1978. On November 14, 1978, the board

of supervisors affirmed the action of the chief and a written adjudication containing findings of fact was ultimately adopted by the board.

Where the disciplinary action appealed from by a police officer is a demotion there is no appeal provided for in the Police Tenure Act. See the Act of June 15, 1951, P.L. 586, sec. 1, 53 P.S. §811 et seq. However, there is an appeal provided under these circumstances by the provisions of the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. See Kretzler v. Ohio Township, 14 Pa. Commonwealth Ct., 236, 322 A. 2d 157 (1974). Under these circumstances we apply on review the criteria for removal as set forth in the Police Tenure Act but look to the Local Agency Law for the purpose of determining our scope of review. See Soergel v. Board of Supervisors of Middlesex Township, 12 Pa. Commonwealth Ct. 311, 316 A. 2d 89 (1974), and Kretzler v. Ohio Township, supra.

A full and complete record was made before the board of township supervisors and was stenographically recorded and transcribed pursuant to section 4 of the Local Agency Law. Therefore, we heard the appeal on the record certified by the Local Agency pursuant to section 8 of the act. The record was not supplemented with any additional evidence and therefore we are bound by the findings of fact of the board of supervisors so long as there is clear and convincing evidence in support thereof: Soergel v. Board of Supervisors of Middlesex Township, supra, and Vega Appeal, 383 Pa. 44, 117 A. 2d 736 (1955). If we determine that the findings of the board are fully supported by clear and convincing evidence on this record then we must still review the record to determine whether the conduct established of appellant constituted a sufficient basis for the severity of the discipline imposed: Crawford v.

Borough of Lewisburg, 42 Pa. Commonwealth Ct. 260, 401 A. 2d 385 (1979). If we do not believe that the discipline imposed was warranted by the nature of the misconduct established, although we are obliged to give due respect and weight to the action of the municipal body, we may modify the discipline imposed: Borough of Bristol v. Downs, 48 Pa. Commonwealth Ct. 46, 409 A. 2d 267 (1979). However, if the evidence supports the exercise of discretion by the board of supervisors it is not for us to substitute ours for the board's discretion: Crawford v. Borough of Lewisburg, supra.

Before we address the merits there is a preliminary matter raised by appellant which must be disposed of. Appellant argues that somehow he was denied due process of law by virtue of the fact that he was denied a hearing initially when he demanded same and that the hearing was ultimately held slightly over one year after the action taken by the chief of police. We are at a total loss to understand the burden of appellant's argument. Clearly extensive hearings were held upon due notice given to him. The recorded transcript constitutes approximately 569 pages. Appellant was represented by counsel who extensively cross-examined the witnesses presented on behalf of the administration and presented a number of witnesses of his own. The board of supervisors in conducting the hearing clearly acted and conducted itself in an unbiased, impartial way. It ruled fairly on the objections, advised by a solicitor who was different from and in no professional relationship to the solicitor presenting the case on behalf of the Chief of Police. Compare Horn v. Township of Hilltown, 461 Pa. 745, 337 A. 2d 858 (1975). The basic elements of procedural due process are adequate notice, opportunity to be heard, and the chance to defend

oneself before a fair and impartial tribunal having jurisdiction of the case: Com. v. Thompson, 444 Pa. 312, 281 A. 2d 856 (1971), and Com. v. Maghugh, 233 Pa. Superior Ct. 24, 336 A. 2d 379 (1975). The Local Agency Law provides no specific time requirement for the holding of the hearing and, therefore, the mere passage of time does not import any violation of due process. See Davis v. City of Connellsville, 49 Pa. Commonwealth Ct. 106, 410 A. 2d 937 (1980). Appellant has neither alleged nor demonstrated any prejudice to him by virtue of the delay in holding the hearing, and clearly his reference to the time requirements under the Police Tenure Act, which afforded him no right to hearing at all, or to Pa.R.Crim.P. 1100, is absurd.

With regard to the merits of the case, resort must be had to section 812 of the Police Tenure Act to determine whether the record establishes such conduct on the part of appellant as to warrant the discipline imposed. That section provides, inter alia, that a police officer may be suspended, removed or reduced in rank for ". . . (2) neglect or violation of any official duty; (3) violating any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer . . ." We are satisfied that this record amply supports the findings of fact of the board of township supervisors which in turn clearly affirms the action of the chief in imposing the order of demotion. Although conceivably, each one of the chief's 11 assigned reasons may not have been established by clear and convincing evidence and perhaps some of the findings of fact of the board may be equally infirm, essentially, we are satisfied that the general substance of the charges has been established and therefore the disciplinary

action should be affirmed. See Soergel v. Board of Supervisors of Middlesex Township, supra.

The record establishes that on January 13, 1977 appellant was employed as a sergeant on the Middletown Township Police Department. On that day he was working the 4 to 12 midnight shift under the direct supervision of Lieutenant Karl Kritzberger. During the course of that shift Patrolman Thomas Bonsall together with appellant had investigated a reported burglary and a reported attempted burglary in the township. Although very little evidence was developed regarding the alleged perpetrators of these reported crimes, at some time late in the evening appellant had determined that a certain motor vehicle seen at or near the scene of one of these attempted crimes was registered to an individual at an address in Philadelphia. Towards the end of the shift but before 11 p.m. when Bonsall was due to go off duty, appellant and Bonsall approached Kritzberger and requested permission to extend their tour of duty for the purpose of going to Philadelphia to investigate that motor vehicle in order to follow up that lead. Kritzberger denied that request, directed each of them to terminate their duty at the end of their shift and directed appellant to turn the matter over to the detective division of the police department. Bonsall departed at 11 p.m. when his shift ended but appellant continued certain investigative processes during the balance of his shift.

During the early morning hours of January 14, 1977 and while on his way home appellant observed the motor vehicle which had previously been reported at or near the scene of one of the reported crimes. He then returned to headquarters and secured a search warrant from a district justice of the peace for that motor vehicle and for a

certain named apartment, the apartment being the alleged premises of a friend of the owner of the motor vehicle which was developed from some information which appellant had received earlier the previous evening. Appellant then persuaded the sergeant in charge of the 12 midnight to 8 a.m. shift of January 14, 1977 to assign him a uniformed officer in a marked and caged patrol car to accompany him to the apartment in Bristol Township for the purpose of execution of the search warrant. He contacted the Bristol Township police Department and then proceeded to the apartment complex in his own motor vehicle while the uniformed officer proceeded in the marked and caged Middletown Township Police vehicle. There they met two Bristol Township police officers and at that time the search warrants were executed. Both the apartment and the motor vehicle were searched each without revealing any evidence. At that time, however, the individual whose apartment was searched and who was a suspect of appellant in the two reported crimes the previous evening was frisked or patted down by the uniformed officer, handcuffed, placed in the back of the screened police vehicle from which he could not exit without the assistance of someone on the outside, transported to police headquarters, advised on his Miranda rights, interrogated and released.

Appellant subsequently caused arrest warrants both for that individual and for the woman who owned the vehicle, he proceeded without authorization out of the township to effect their arrest pursuant to those warrants, specifically at a time when the shift on which he was working was undermanned by patrol officers. At the preliminary hearing the female defendant and owner of the motor vehicle was discharged at the direction of the assis-

tant district attorney, the male defendant was held for court but his case was ultimately nolle prossed at the direction of the district attorney. It should lastly be noted that at the time that the male defendant was taken into custody when the search warrants had been executed on January 14, 1977, appellant candidly admitted that he did not have sufficient evidence in order to justify the making of an arrest.

Although some of the foregoing was contradicted by appellant, it is all firmly established on this record and it was within the prerogative of the board of supervisors to have credited the evidence which supports the foregoing facts. Those facts having been established, we are satisfied that the basis for discipline under section 812 of the Police Tenure Act has been established. Clearly, in proceeding with the investigation after his tour of duty had ended, in leaving the township in order to effect the arrest of defendants pursuant to the arrest warrants without securing direct permission, and at a time when the department was understaffed due to illness of two officers and during a snow storm, a neglect or violation of official duty can be found. He was obviously in disobedience of the direct orders of Lieutenant Kritzberger when he continued his investigation beyond his regular tour of duty at midnight on January 13, 1977 and in failing to turn the entire investigation over to the detective division as directed by Kritzberger. His conduct in leaving the township during his tour of duty on January 14, 1977 in order to obtain the arrest warrants on a matter under which he had been directed to turn the investigation over to the detective division and at a time when the township was undermanned by virtue of the illness of two patrol officers and during a snow storm, as well as his conduct on January

15, 1977 in directing a patrolman out of the township to serve an arrest warrant, all without the due authorization of Lieutenant Kritzberger who was on duty and in charge of the detail, do establish neglect or violation of his official duties as well as disobedience of the direct orders of Lieutenant Kritzberger of January 13, 1977.

The foregoing, perhaps, may well be characterized as over-enthusiasm or over-zealousness of a police officer on the trail of a criminal and perhaps did not warrant the severity of the discipline imposed. While police officers should be encouraged to exhibit enthusiasm and zeal in ferreting out crimes, nonetheless police departments would be rendered ineffective if discipline were not maintained, and the chain of command not observed. It is for this reason that the act provides for discipline as a result of disobedience of orders or neglect of duty, and, further, for this reason that most police departments are conducted in a quasi military way.

However, the infraction which disturbs us most was the action of appellant in taking the male defendant into custody on the early morning hours of January 14, 1977 at a time when he quite frankly and candidly admitted that he had insufficient evidence to make an arrest. That person was present at the time of the search of the apartment and the automobile pursuant to the issuance of the nighttime search warrant.[1] Although the search was fruitless and appellant had gained no new information or evidence as a result thereof, he nonetheless

---

1. We will not comment on the sufficiency of the probable cause affidavit for the issuance of that warrant. However, it was appellant's astonishing opinion that the magistrate plays no role in the issuance of the warrant other than to "rubber stamp" the officer's request. Regarding the role of the magistrate see Payton v. N.Y., 445 U.S. 573 (1980).

caused the uniformed officer to conduct a search of that individual. He then caused him to be handcuffed and placed in the back seat of the caged police vehicle from which he could not voluntarily exit, transported him to police headquarters, advised him of his Miranda rights and interrogated him. His explanation that he did not consider that an arrest is hardly worthy of comment. An arrest is accomplished by any act that indicates an intention to take a person into custody and that subjects him to the actual control and will of the person making the arrest: Com v. Hughes, 219 Pa. Superior Ct. 181, 280 A. 2d 556 (1971); Com. v. Allessie, 267 Pa. Superior Ct. 334, 406 A. 2d 1068 (1979); Com. v. Silo, 489 Pa. 15, 389 A. 2d 62 (1978). No manual force or words of arrest are required, Com. v. Brown, 230 Pa. Superior Ct. 214, 326 A. 2d 906 (1974), and the subjective intent of the officer is immaterial when he communicates in some way to defendant that he is deprived of his liberty: Com. v. Holmes, 482 Pa. 97, 393 A. 2d 397 (1978). Certainly handcuffing defendant constitutes an arrest: Com. v. Roscioli, 240 Pa. Superior Ct. 135, 361 A. 2d 834 (1976). Aside from the fact that effecting the arrest of that individual at a time when the officer knew he lacked sufficient evidence to do so would constitute various violations, possibly, of the Crimes Code,[2] 18 Pa.C.S.A. §§5301, 2903, 2906, it certainly constitutes conduct which is in direct violation of that individual's constitutional rights which certainly has the strong tendency to destroy public respect for police officers and confidence in the operation of the police department which are classic descriptions of conduct unbecoming an of-

---

2. See section 5301, Official Oppression; section 2903, False Imprisonment; and section 2906, Criminal Coercion.

ficer. See Zeber Appeal, 398 Pa. 35, 156 A. 2d 821 (1959). See also Eppolito v. Bristol Borough, 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975). We are satisfied that this evidence which was clear and convincing, was sufficient and appropriate to justify a finding of conduct unbecoming an officer and of such a serious nature in this case as to justify the severity of the discipline imposed. Compare Wilson v. Warminster Township, 74 D. & C. 2d 407, 28 Bucks 162 (1976), and Masemer v. Borough of McSherrystown, 34 D. & C. 2d 669 (1964).

For foregoing reasons we are satisfied that the findings of fact and adjudication of the Board of Township Supervisors of Middletown Township is sufficiently and adequately sustained by clear and convincing evidence on this record and its order therefore must be affirmed.

### ORDER

And now, April 21, 1980 it is hereby ordered, directed and decreed that the within appeal is denied, dismissed and overruled.