420 A.2d 544

COMMONWEALTH of Pennsylvania

v.

Robert Eric BARENSFELD, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed May 23, 1980.

John A. Miller, Beaver Falls, for appellant.

John L. Brown, Jr., Assistant District Attorney, Beaver, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

Appellant, Robert Eric Barensfeld, was convicted of possession of a controlled substance at a non–jury trial on May 9, 1978. Post–trial motions were denied by the Honorable John N. Sawyer on May 30, 1978. This is an appeal from the judgment of sentence imposed on appellant.

Prior to his trial, appellant filed a motion to suppress the physical evidence seized at the time of his arrest. This motion was granted in part as to the physical items found upon a search of appellant's vehicle after his arrest, but denied as to the controlled substance found in the course of

his arrest. In this appeal, appellant argues that his warrantless arrest was not predicated on probable cause, and therefore, the evidence should have been suppressed as the fruit of an illegal arrest.

The evidence offered at the hearing on the motion to suppress the evidence was not substantially disputed. The Commonwealth's witness, Trooper Richard McEwen, testified as to various tips he received concerning appellant's activities. On September 15, 1977, appellant's father notified Trooper McEwen that appellant was going to Ellwood City Forge Company to pick up his monthly stipend. The state police officer also received information from an unidentified source that appellant would then proceed to the residence of Michael Varkonda to purchase drugs.[1]

On the basis of the tips from appellant's father and the unidentified source, the state police began a surveillance of appellant. The police observed him enter the Ellwood City Forge Company, during the morning of September 15, 1977. Upon leaving the Forge Company, appellant proceeded by vehicle to a bank. The state police then lost sight of appellant in traffic, but on the basis of the anonymous tip, they proceeded directly to the Varkonda residence.

When the officers arrived, they observed appellant's vehicle parked outside the Varkonda apartment. A short time later, appellant was seen leaving Varkonda's residence and carrying a brown paper bag. He entered his vehicle and began driving away. The police stopped his vehicle and

1. There is some confusion as to how many anonymous tips Trooper McEwen received. At the suppression hearing, after describing the tip from appellant's father, McEwen testified:
   "I had also received information previous to that from two—two other sources relative to the fact that Mr. Barensfeld was to proceed to Michael Varkonda's residence and—for the purpose of purchasing Dilaudid." (Record, 15a)
   However, at the non–jury trial, McEwen's testimony only reflects a single unidentified informant:
   "I received part of the information from an informant. I received additional information from (appellant's) father." (Record, 36a)
   In light of this discrepancy, and in light of the lack of any testimony distinguishing the two anonymous sources, we will consider this case as involving only one anonymous tipster.

identified themselves, but appellant accelerated and pulled away. The police were eventually successful in halting him. As appellant got out of his vehicle, he attempted to place an envelope containing nine dilaudid tablets in his back pocket. The package fell to the ground and was seized by the police.

Appellant was arrested without a warrant. While a warrant is not necessary for every arrest, its absence must be excused by a finding of probable cause. *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914, (1973). Probable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant men of reasonable caution in the belief that the offense has been or is being committed. *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974).

In the instant case, the tip from the unidentified informant provided the impetus for the surveillance and arrest. Unquestionably, hearsay evidence can be sufficient to establish probable cause. The Pennsylvania Supreme Court has recently analyzed the problem of warrantless arrests based on information received from anonymous sources in *Betrand Appeal*, 451 Pa. 381, 303 A.2d 486 (1973). Therein, the court examined the standards which such evidence must meet before it can establish probable cause:

". . . (W)hen, as here, probable cause for a warrantless arrest is based on such hearsay information supplied by an anonymous informer, the arresting officer must have two types of additional information before probable cause is established. First, in order to assure that the tip is not merely an unsupported rumor, the officer must know the underlying circumstances from which the informer concluded that the suspect participated in the (crime). Second, in order to reduce the possibility that a tip meeting the first standard is merely a well–constructed fabrication, the officer must have some reasonable basis for concluding that the source of the tip was reliable." *Betrand Appeal*, supra, 451 Pa. at 385–386, 303 A.2d at 488 (1973). *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct.

584, 21 L.Ed.2d 637 (1969), *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972).

■ In the instant case, there was no testimony that the police has any knowledge of the underlying circumstances from which the informer concluded that appellant was about to participate in a crime. It is unknown whether the informer knew appellant or whether the information was obtained from a third party. In fact, the information could have been an unsupported rumor. *Commonwealth v. Brown*, 228 Pa.Super. 158, 323 A.2d 104 (1974); *Commonwealth v. Bailey*, 460 Pa. 498, 333 A.2d 883 (1975); *Commonwealth v. Smith*, 453 Pa. 326, 309 A.2d 413 (1973). The tip was a mere conclusory statement that appellant was going to purchase narcotics at the Varkonda residence. No facts were set forth to support the reliability of this tip. Without more, such a tip clearly does not meet the first requirement of *Betrand Appeal*, supra.

■ The Commonwealth concedes that the anonymous tip, standing alone, was insufficient to provide probable cause. It is the contention of the Commonwealth that the reliability of the tip was sufficiently substantiated by the observations of the police so as to establish probable cause for the arrest.[2] We do not agree. While it is well–settled that two sources, insufficient in themselves, can sometimes establish probable cause when taken together, *Commonwealth v. Mamon*, 449 Pa. 249, 297 A.2d 471 (1972), *Commonwealth v. Young*, 222 Pa.Super. 355, 294 A.2d 785 (1972); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), such is not the case herein. In the above cited cases, the tips which, when taken cumulatively provided probable cause were of high quality. That is, the tips were from eyewitnesses or victims who for various reasons were not reliable sources, or the tips were very detailed and had inherent indicia of reliability.

2. It must be noted that the Commonwealth cited no authority for its position in its one–paragraph brief.

In the case herein, appellant's father gave the police the limited information that appellant was going to pick up his monthly stipend on the day in question. This innocuous activity lends no weight to the tip that he would then proceed to purchase drugs. Further, mere observation of the appellant entering and exiting an apartment in broad daylight also does not sufficiently substantiate the tip so that a reasonable man would be warranted in believing that a crime has been committed. The appellant could have had a completely innocent purpose for visiting at that residence. The police did not eyewitness a crime or even any suspicious conduct. Neither was the tipster an eyewitness to any crime. There were no observations by the police of furtive conduct prior to the police attempting to arrest the appellant.[3] *Commonwealth v. Roscioli*, 240 Pa.Super. 135, 361 A.2d 834 (1976); *Commonwealth v. Hughes*, 219 Pa.Super. 181, 280 A.2d 556 (1971).

The independent investigative work of the police did nothing to add to the reliability of the informer's tip that appellant was going to purchase drugs at the Varkonda residence or be involved in the commission of a crime. *Commonwealth v. Brooks*, 468 Pa. 547, 364 A.2d 652 (1976). No testimony was given at the suppression hearing about any reputation of the appellant as a drug user, or as to Varkonda's reputation as a drug dealer, unlike the situation in *Commonwealth v. Young*, 222 Pa.Super. 355, 294 A.2d 785 (1972). Therein, the circumstances facing the arresting officer were replete with facts which suggested that the defendant was associated with the illicit drug trade; consequently, the cumulative facts were sufficient to establish probable cause.

In this case, the cumulative evidence of the tip from appellant's father and the observations of the police do not

3. The police admitted that the decision to arrest the appellant if he exited carrying any package was made while he was in the Varkonda residence. As soon as he left the apartment, an arrest was thereafter in progress. Appellant's subsequent attempted flight can have no bearing on the decision to arrest.

sufficiently clarify the reliability of the anonymous tip so as to allow a finding of probable cause for appellant's arrest, *Commonwealth v. Daniels*, 455 Pa. 552, 317 A.2d 237 (1974).

In addition, the anonymous tip did not meet the second requirement specified by the court in *Betrand Appeal*, supra. The officers had no reasonable basis for concluding that the unidentified source of the tip was reliable. The Supreme Court has held that even bare assertions by the police officer that the tipster was known to be reliable were insufficient to satisfy the standards enunciated in *Betrand Appeal*, supra. In the instant case, we lack even these assertions of reliability by the police. There are no references at all to whether this informant has assisted in arrests and convictions in the past as an indication of his reliability. *Commonwealth v. Brown*, 228 Pa.Super. 158, 323 A.2d 104 (1974); *Commonwealth v. Cruse*, 236 Pa.Super. 85, 344 A.2d 532 (1975).

In light of Commonwealth's failure to show the underlying circumstances of the anonymous tip or the known reliability of the source, and failure to sufficiently substantiate by cumulative facts the reliability of the tip, probable cause is found to be lacking in appellant's arrest. The arrest and seizure of the evidence were, therefore, illegal.

The envelope and its contents which were seized in the course of appellant's arrest must be suppressed as the fruit of an illegal arrest. *Commonwealth v. Bable*, 254 Pa.Super. 72, 385 A.2d 530 (1978); *Commonwealth v. Jeffries*, supra.

Appellant raises other allegations of error that we need not discuss, since he must be retried.

Judgment of sentence reversed and remanded for a new trial and the evidence seized by the police is suppressed.

CERCONE, President Judge, concurs in the result.